UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LAYFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 24-cv-03616-AMO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 23 |

This is an Employee Retirement Insurance Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., action for long term disability ("LTD") benefits under an employee benefit plan. Defendant Unum Life Insurance Company of America ("Unum") moves to transfer the case to the Central District of California under Title 28 U.S.C. § 1404 for the convenience of the parties. Unum's motion to transfer was heard before this Court on April 24, 2025. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** the motion to transfer for the following reasons.

I.    **BACKGROUND**

Plaintiff Jennifer Layfield is an attorney who most recently worked for DLA Piper, LLP. Compl. (ECF 1) ¶ 2. Layfield resides in Pacific Palisades in the Central District of California, and she was the only person in her practice team based in DLA Piper's Century City offices near her home. *See* Bell Decl., Ex. A at -66 (ECF 23-5 at 3); Layfield Decl. (ECF 30-1) ¶¶ 2, 11. The rest of Layfield's work team were based in DLA Piper's San Francisco office and the majority of her clients were based in the San Francisco Bay Area, making her work largely remote. Layfield Decl. ¶¶ 7-11. All of her work was for the San Francisco office of the law firm. *Id.* ¶¶ 7-11. DLA

Piper is headquartered in Maryland. Bell Decl., Ex. A at -165 (ECF 23-5 at 17). Defendant Unum is based in Maine. Compl. ¶ 3.

In December 2020, Layfield contracted COVID-19. Layfield Decl. ¶ 13. It developed into long-COVID, preventing her from returning to work full-time. *Id.* ¶¶ 14-16. All the physicians Layfield consulted were located in Los Angeles. *See generally* Bell Decl., Ex. A. Layfield submitted an LTD benefits claim to Unum under DLA Piper's LTD plan. Layfield Decl. ¶ 17. Unum denied her claim. *Id.* That claim denial is the subject of the instant suit.

## II.     DISCUSSION

ERISA specifically provides that civil actions "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Layfield argues, based on this provision, that venue is proper here because Unum can be "found" in this district. Opp. at 4 (citing *Varsic v. U.S. Dist. Court for Cent. Dist. of California*, 607 F.2d 245, 247 (9th Cir. 1979)). Unum concedes that venue is proper in this district, but still contends that the case should be transferred. *See* Mot. at 5.

A motion to transfer an action to another district under Title 28 U.S.C. § 1404(a) lies within the district court's broad discretion and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "Section 1404(a) requires the court to make a threshold determination of whether the case could have been brought where the transfer is sought. If venue is appropriate in the alternative venue, the court must weigh the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018). The moving party must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by showing private factors relating to "the convenience of parties and witnesses" and public factors relating to "the interest of justice" warrant transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The public and private factors courts should consider include:

> (1) plaintiff's choice of forum, (2) convenience of the parties,
> (3) convenience of the witnesses, (4) ease of access to the evidence,
> (5) familiarity of each forum with the applicable law, (6) feasibility

2

>of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498-99. "The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer venue under Section 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015).

In this case, three of the factors stand out for the Court's consideration: deference owed to Plaintiff's choice of forum, convenience, and the local interest in the case. The Court takes up these three factors in turn.

### A. Deference Owed to Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum is afforded substantial weight. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001). However, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Carolina Cas. Co.*, 158 F. Supp. 2d at 1048 (internal citations omitted). If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference. *Id.*

Here, Layfield is not a resident of this district. She is admittedly a resident of the Central District of California, Layfield Decl. ¶ 2, and she was diagnosed and treated for her illness in the Central District of California, *see* Bell Decl., Ex. A. Moreover, Unum's coverage determination took place in Maine. *See* Bell Decl., Ex. A. None of the case's events took place in this forum. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[i]f the operative facts have not occurred within the forum . . . , [the plaintiff's] choice is entitled to only minimal consideration."). Layfield's remote work from Southern California for the San Francisco office of a Maryland-headquartered law firm serves as only a tenuous connection to the Northern District of California. On these facts, Layfield's choice to litigate in this District is forum shopping. Thus, Layfield's choice of venue is entitled to minimal deference.

3

**B.      Convenience**

Unum contends that the action should be transferred based on the convenience to the parties and witnesses. If there is any inconvenience to Layfield, she has clearly chosen to forgo it by filing in this district. Unum is located in Maine and all of its relevant employees are in Maine. Mot. at 7. Thus, there is no clear additional inconvenience to either party if this case were transferred to the Central District of California.

Because this is an ERISA benefits action, which has limited discovery and evidentiary restrictions, Layfield contends the convenience of witnesses is not a factor. Opp. at 5-6. Conversely, Unum advances that it may seek to interview the physicians that Layfield consulted given the novelty of a long-COVID diagnosis. Reply at 3. Layfield saw approximately seven medical professionals related to her long-COVID, all of whom are based in Los Angeles. *See* Mot. at 2 (listing physicians). Thus, while the parties agree that the likelihood of fact discovery is slim in a case primarily focused on an administrative record, if Unum seeks to depose those third-party witnesses, the Central District will certainly prove more convenient than this forum. Moreover, this Court would be limited in its ability to enforce any such third-party discovery. *See* Fed. R. Civ. P. 45. Overall, the convenience factor weighs at least minimally in favor of transfer.

**C.      Local Interest**

As explained above, Layfield resides in the Central District of California. Layfield was diagnosed and treated in the Central District. No part of Unum's denial took place in this forum. The Central District has a much more significant interest in the controversy than this District. Thus, this factor weighs in favor of transfer.

**III.    CONCLUSION**

Viewing the totality of the factors, the Court finds that this case belongs in the Central District of California. The Court concludes the Central District, where Layfield and potential witnesses reside, would be more convenient. The Court additionally finds the Central District has a greater interest in the dispute. Layfield's election to file the case here, in a forum so attenuated from the facts and substance underlying her claim that her counsel admitted at the hearing that he

did not know why the case was filed here, demonstrates forum shopping.  For the foregoing reasons and for good cause shown, the Court hereby **GRANTS** Unum's motion to transfer venue.

**IT IS SO ORDERED.**

Dated: May 9, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**